**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIUS HURD,

      Petitioner,                        CASE NO. 2:11-10600
                                                HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

CAROL HOWES,

      Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) GRANTING IN PART CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

      Demetrius Hurd, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for possession with intent to deliver over 50 grams, but less than 450 grams, of cocaine, M.C.L.A. 333.7401(2)(a)(iii), and conspiracy to deliver 50-449 grams of cocaine, M.C.L.A. 750.157a. Petitioner is currently serving a sentence of 118 months to 20 years for the possession conviction concurrent with a sentence of one to five years for the conspiracy conviction. For the reasons stated below, the application for a writ of habeas corpus is denied with prejudice.

1

*Hurd v. Howes,* No. 2:11-CV-10600

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Facts elicited at trial from Officer Kenneth Jackson indicated that he set up surveillance outside a pool hall based upon information he received. Just as the information indicated, a green commercial van arrived and parked near the pool hall. Within seconds after the van parked, defendant exited the pool hall and entered the passenger side of the van. The driver of the van and defendant appeared to engage in a conversation for a few seconds, after which the driver got out of the van, walked to the rear of the van, opened the rear door, and removed a white plastic bag. The driver returned to the driver's seat of the van, and it once again appeared that defendant and the driver engaged in a conversation that lasted several seconds.
>
> After the conversation, defendant exited the van carrying in plain view a bag similar to the one retrieved by the driver of the van. Defendant walked to the parking lot adjacent to the pool hall and approached the driver's side of a Chevy Caprice. Defendant handed the plastic bag through the window to the driver of the Caprice. The driver of the Caprice opened the driver's side door, popped open the door panel, and made a motion like he was inserting the bag into the door panel. Officer Jackson alerted the surveillance team about the Caprice after it left the parking lot. The officer who stopped the Caprice testified at trial that he pried back the driver's side door panel and removed a white bag. Laboratory testing confirmed that a Ziploc bag, which was found inside the white plastic bag, contained 125 grams of cocaine.

2

*Hurd v. Howes,* No. 2:11-CV-10600

*People v. Hurd,* No. 278618, * 1-2 (Mich.Ct.App. July 31, 2008).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 482 Mich. 1071;
757 N.W.2d 496 (2008).

Petitioner then filed a post-conviction motion for relief from judgment, which
was denied. *People v. Hurd,* No. 06–014068-01 (Wayne County Circuit Court, June
22, 2009).  The Michigan appellate courts denied petitioner leave to appeal. *People
v. Hurd,* No. 294516 (Mich.Ct.App. March 31, 2010); *lv. den.* 488 Mich. 855; 787
N.W. 2d 123 (2010).

Petitioner seeks habeas relief on the following grounds:

I. Petitioner was denied the effective assistance of counsel guaranteed
him under the Sixth Amendment to the United States Construction
when counsel failed to investigate petitioner's alibi witness and other
facts involved in the case.  Counsel was also deficient in failing to
compel the production of the lab technician and allowing hearsay
testimony to be admitted into evidence.  Petitioner was denied his Sixth
Amendment right to effective assistance of counsel and his Fourteenth
Amendment right to due process of law.

II. Petitioner was denied his constitutional rights under the
Confrontation Clause of the Sixth Amendment, where the state court
allowed laboratory technician's report into evidence without the
technician being produced; where the state court allowed police officers
to testify to the validity of the report, and where the state failed to
produce the alleged confidential informant for cross-examination
purposes.  Petitioner was denied his right to confrontation and due
process.

III. Petitioner was denied his right to due process of law when the state
engaged in unreasonable delay before bringing charges against him in
violation of the Fourteenth Amendment to the United States
Constitution.

3

*Hurd v. Howes,* No. 2:11-CV-10600

IV. Petitioner was denied the effective assistance of counsel on appeal where counsel failed to raise the issues contained in this petition on direct appeal, thereby denying petitioner his Sixth and Fourteenth Amendments rights under the United States Constitution.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

4

*Hurd v. Howes,* No. 2:11-CV-10600

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

5

*Hurd v. Howes,* No. 2:11-CV-10600

theories are inconsistent with the holding in a prior decision" of the Supreme

Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be."

*Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the

AEDPA, does not completely bar federal courts from relitigating claims that have

previously been rejected in the state courts, it preserves the authority for a

federal court to grant habeas relief only "in cases where there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with" the

Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that

habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." *Id.*

(citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J.,

concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is

inconsistent with the presumption that state courts know and follow the law."

*Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal

court, a state prisoner is required to show that the state court's rejection of his

claim "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded

disagreement." *Harrington,* 131 S. Ct. at 786-87.

*Hurd v. Howes,* No. 2:11-CV-10600

## III. DISCUSSION

**Claims # 1 and # 2 Ineffective assistance of counsel for failure to call an alibi witness and failure to produce laboratory technician.  Violation of Confrontation Clause for allowing into evidence the lab report and failure to produce the confidential informant.**

The Court will consolidate Petitioner's first and second claims together being that the first claim alleges that counsel was ineffective for failing to investigate petitioner's alibi witness, and for failure to produce the laboratory technician and claim two alleges that petitioner's rights under the Confrontation Clause were violated when the trial court allowed into evidence the laboratory technician's report without producing the technician, allowed the police officers to testify to the validity of the report, and for failure to produce the confidential informant for cross-examination.

Respondent contends that petitioner's first and second claims, as well as his third claim, are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446,

7

*Hurd v. Howes,* No. 2:11-CV-10600

451-52 (2000). If petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren*, 344 F. Supp. 2d 1801, 1089, n. 1 (E.D. Mich. 2004). This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Because "the procedural default issue raises more questions than the case on the merits," this Court will assume, for the sake of resolving the claims, that there is no procedural default by petitioner and will decide the merits of the claims. *Falkiewicz v. Grayson*, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003)(internal quotation omitted).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First,

8

*Hurd v. Howes,* No. 2:11-CV-10600

the defendant must demonstrate that, considering all of the circumstances,

counsel's performance was so deficient that the attorney was not functioning as

the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*,

466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong

presumption that counsel's behavior lies within the wide range of reasonable

professional assistance. *Id.*  In other words, petitioner must overcome the

presumption that, under the circumstances, the challenged action might be

sound trial strategy. *Strickland*, 466 U.S. at 689.  Second, the defendant must

show that such performance prejudiced his defense. *Id.*  To demonstrate

prejudice, the defendant must show that "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694.  "*Strickland's* test for prejudice is a

demanding one. 'The likelihood of a different result must be substantial, not just

conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting

*Harrington*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places

the burden on the defendant who raises a claim of ineffective assistance of

counsel, and not the state, to show a reasonable probability that the result of the

proceeding would have been different but for counsel's allegedly deficient

performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland*

9

*Hurd v. Howes,* No. 2:11-CV-10600

standard applies as well to claims of ineffective assistance of appellate counsel.
*See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a
federal court believes the state court's determination' under the *Strickland*
standard 'was incorrect but whether that determination was unreasonable-a
substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123
(2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal
question is whether the state court's application of the *Strickland* standard was
unreasonable. This is different from asking whether defense counsel's
performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at
785. Indeed, "because the *Strickland* standard is a general standard, a state
court has even more latitude to reasonably determine that a defendant has not
satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough v.
Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly
deferential judicial review" applies to a *Strickland* claim brought by a habeas
petitioner. *Id.* This means that on habeas review of a state court conviction, "[A]
state court must be granted a deference and latitude that are not in operation
when the case involves review under the *Strickland* standard itself." *Harrington*,
131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.*
at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

10

2:11-cv-10600-AJT-MJH   Doc # 20   Filed 02/27/14   Pg 11 of 24   Pg ID 652

*Hurd v. Howes,* No. 2:11-CV-10600

Petitioner claims that trial counsel was ineffective for failing to investigate or pursue an alibi defense.

A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004)(internal quotation omitted).  The failure to present a proposed alibi witness who would not lead to a defendant's acquittal does not amount to the ineffective assistance of counsel. *Id.*

Petitioner's proposed alibi witness would testify that she arrived at the recreational center at 8:30 p.m. to pick up petitioner for dinner.  The delivery witnessed by the police officer occurred during a surveillance that took place between 7:30 p.m. and about 9:45 p.m. (Preliminary Exam Transcript, 12/5/06, pp. 4-5).  Because this evidence could not have provided an "air-tight" alibi defense, counsel was not ineffective for failing to present such evidence at petitioner's trial. *See Moore v. Parker*, 425 F.3d 250, 253-54 (6th Cir. 2005).

Secondly, petitioner was not prejudiced by counsel's failure to call an alibi witness in light of the fact that the proposed alibi witness is petitioner's girlfriend and the officer who viewed and later identified petitioner carrying a bag of cocaine testified at trial. *See Cobble v. Smith*, 154 F. Appx. 447, 452-53 (6th Cir. 2005).

*Hurd v. Howes,* No. 2:11-CV-10600

Furthermore, petitioner's defense at trial was that he did not know what was in the bag. Bringing an alibi witness to testify that he was not present at the scene would conflict with petitioner's defense that he was unaware that the bag contained cocaine. Counsel's strategy clearly emphasized that his client was unaware of the contents in the bag, not lack of his presence or misidentification. In closing argument, defense counsel argued "the conduct of the defendant does not reflect that he was doing anything, that he knew anything about what was in the bag." (T 3/20/2007, p.65). This defense was reiterated at sentencing when petitioner told the trial court judge that he was "just at the wrong place at the wrong time." (T 5/17/07, p.29) Petitioner is not entitled to habeas relief on this portion of his first claim.

Petitioner contends that counsel was ineffective for failing to produce the lab technician, which is the basis of his Confrontation Clause violation. Petitioner also alleges a violation of his right to confrontation when the trial court allowed testimony pertaining to an alleged informant, without producing the informant. The Court will first address the claim pertaining to the informant.

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *See*

12

*Hurd v. Howes,* No. 2:11-CV-10600

*Crawford v. Washington*, 541 U.S. 36, 68-69 (2004). However, the

Confrontation Clause "does not bar the use of testimonial statements for

purposes other than establishing the truth of the matter asserted." *Id.*, at 59, n. 9;

*See also Tennessee v. Street*, 471 U.S. 409, 414 (1985)(defendant's rights

under the Confrontation Clause were not violated by introduction of an

accomplice's confession for the nonhearsay purpose of rebutting defendant's

testimony that his own confession was coercively derived from the accomplice's

statement). Indeed, "[I]n some circumstances, out of court statements offered

for the limited purpose of explaining why a government investigation was

undertaken have been determined not to be hearsay." *United States v. Gibbs*,

506 F. 3d 479, 486-87 (6th Cir. 2007) (quoting *United States v. Martin*, 897 F. 2d

1368, 1371 (6th Cir. 1990)). Evidence that is provided merely by way of

background or is offered only to explain how certain events came to pass or why

law enforcement officers took the actions that they did is not offered for the truth

of the matter asserted, and thus cannot trigger a Confrontation Clause violation.

*See U.S. v.Warman*, 578 F. 3d 320, 346 (6th Cir. 2009)(quoting *United States v.

Cromer*, 389 F.3d 662, 676 (6th Cir. 2004)). The officer's testimony pertaining to

the informant was limited to providing a background to his presence in the area.

The informant's tip provided an explanation as to why Officer Jackson was

engaged in surveillance on the day in question. Petitioner's confrontation rights

13

*Hurd v. Howes,* No. 2:11-CV-10600

were not violated when the court allowed background information provided by the confidential informant.

Petitioner also alleges a violation of his right to confrontation and ineffective assistance of counsel when the lab report was referenced at trial without production of the laboratory technician.

Petitioner's conviction became final in 2008.  The applicability of the Confrontation Clause to lab test results, however, was not clearly established until *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009), which was decided in 2009. *See Meras v. Sisto*, 676 F.3d 1184, 1188 (9th Cir.2012)(recognizing that the question of whether forensic lab reports are testimonial divided state and federal courts until the Supreme Court resolved the issue in *Melendez–Diaz*); *Vega v. Walsh*, 669 F.3d 123, 127–28 (2d Cir.2012)(holding that *Melendez–Diaz* was inapplicable to habeas review of a 2002 state court decision). Thus, at the time Petitioner's conviction became final, no clearly established Supreme Court precedent barred the admission of forensic evidence without in-court testimony by the analyst.

Furthermore, Confrontation Clause violations are subject to harmless error review. *See Bulls v. Jones*, 274 F. 3d 329, 334 (6th Cir. 2001).  In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a

14

*Hurd v. Howes,* No. 2:11-CV-10600

state prisoner on the ground of federal constitutional error, the appropriate

harmless error standard to apply is whether the error had a substantial and

injurious effect or influence in determining the jury's verdict.  In determining

whether a Confrontation Clause violation is harmless under *Brecht*, a court

should consider the following factors: "(1) the importance of the witness'

testimony in the prosecution's case; (2) whether the testimony was cumulative;

(3) the presence or absence of evidence corroborating or contradicting the

testimony of the witness on material points; (4) the extent of cross examination

otherwise permitted; and (5) the overall strength of the prosecution's case." *See*

*Jensen v. Romanowski*, 590 F. 3d 373, 379 (6th Cir. 2009)(citing *Delaware v.*

*Van Arsdall*, 475 U.S. 673, 684 (1986)).

Petitioner has failed to show that the admission of the lab report had a

substantial and injurious effect or influence on the verdict. The lab report was

cumulative evidence of what was already established by the preliminary field

test.  Non-hearsay testimony from a police officer who witnessed the field test

established that the field test showed the substance was 125 grams of cocaine

(T. 3/20/07, pp 29-30).  The accuracy of the preliminary test was not disputed.

The later crime lab report had an identical conclusion.  No real prejudice to

petitioner resulted by allowing the crime lab report into evidence without the

testimony of the author.  If anything, the report provided cumulative evidence

15

*Hurd v. Howes,* No. 2:11-CV-10600

detrimental to petitioner.  There were good strategic reasons for petitioner's trial

counsel to avoid having the state's position bolstered by the testimony of a state

scientific expert.

Petitioner also failed to show that trial counsel's decision to forego an alibi

defense or to produce the laboratory technician were not valid tactical decisions.

Under *Strickland*, a court must presume that decisions by counsel as to whether

to call or question witnesses are matters of trial strategy. *See Hutchison v. Bell*,

303 F. 3d 720, 749 (6th Cir. 2002).  Being that petitioner's alibi witness would

contradict petitioner's claim that he did not know the contents of the bag and the

laboratory technician would bolster the prosecution's case by supplying expert

testimony to support the initial test, counsel was not ineffective by not producing

these witnesses.

The last part of petitioner's second claim alleges that the trial court

violated his right to confrontation by allowing the lab report into evidence without

testimony from the laboratory technician.  While *Melendez-Diaz* clearly

established that crime lab reports are testimonial in nature and so implicate the

Confrontation Clause, it did not do so until June 25, 2009, which is after

November 25, 2008, when petitioner's direct appeals were exhausted.  Even if

*Melendez-Diaz* was effective for the purposes of petitioner's habeas claim,

petitioner would still not be entitled to habeas relief because any violation of the

16

*Hurd v. Howes,* No. 2:11-CV-10600

Confrontation Clause with regard to the lab report was harmless.  The results of the crime lab report at issue were merely duplicative of the preliminary test; both tests determined that the bag contained 125 grams of cocaine.  There was sufficient evidence for the jury to find that 125 grams of cocaine was present even absent the second report.  Furthermore, petitioner never denied that there was cocaine in the bag at trial.  He attempted to cast doubt on whether he knew there was cocaine in the bag.  Petitioner has failed to show that the trial court violated his right to confrontation by admitting a lab report that was duplicative to the initial report confirming the presence of 125 grams of cocaine in the bag, a finding not challenged by petitioner.  Petitioner's first and second claims are meritless.

**Claim # 3.  Unreasonable delay before arrest.**

Petitioner next contends that he was denied his right to due process of law by the state's unreasonable delay before bringing charges against him, when the offense was committed in January 2006 and the arrest warrant was signed in March 2006.  Petitioner's arrest occurred eight months later in November of 2006.  Due to the delay, petitioner submits that he was prejudiced by his inability to bring witnesses for an alibi defense, remember occurrences by the time of his trial, or procure the video and surveillance tapes from the restaurant and pool hall.

17

*Hurd v. Howes,* No. 2:11-CV-10600

Petitioner has not established a violation of his Sixth Amendment right to a speedy trial, because he was not actually arrested or charged with this crime until March 2006.  The Supreme Court has noted that it is "[e]ither a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion*, 404 U.S. 307, 320 (1971).  Therefore, although the invocation of the Speedy Trial Clause of the Sixth Amendment need not await indictment, information or other formal charge, the provision of the Speedy Trial Clause does not reach to the period prior to arrest. *Id.*

The Due Process Clause, however, provides a limited role in protecting criminal defendants against "oppressive" pre-arrest or pre-indictment delay. *U. S. v. Lovasco*, 431 U.S. 783, 789 (1977).  Proof of prejudice is generally a necessary but not sufficient element of a due process claim involving pre-indictment delay, and the due process inquiry must consider the reasons for the delay as well as prejudice to the accused. *Id.* at 790.

The Sixth Circuit has consistently read *Lovasco* to hold that dismissal for pre-indictment delay is warranted only when the defendant shows: (1) substantial prejudice to his right to a fair trial; and (2) that the delay was an intentional device by the government to gain a tactical advantage. *United States*

18

*Hurd v. Howes,* No. 2:11-CV-10600

*v. Brown*, 959 F. 2d 63, 66 (6th Cir. 1992). The Sixth Circuit has repeatedly held

that where the pre-indictment delay is caused merely by negligence on the part

of prosecutors or police, no due process violation exists. *U.S. v. Rogers.* 118 F.

3d 466, 476 (6th Cir. 1997)(rejecting the argument that "reckless or negligent

disregard of a potentially prejudicial circumstance violates the Fifth Amendment

guarantee of due process"); *See also U.S. v. Banks*, 27 Fed. Appx. 354, 357 (6th

Cir. 2001)("Our Circuit has recognized that where delay is due to simple

negligence and not a concerted effort by the government to gain an advantage,

no due process violation exists"). Finally, where a habeas petitioner fails to

show that the prosecutor delayed the prosecution for illegitimate reasons, it is

unnecessary for a court to determine whether the petitioner satisfies the

"substantial prejudice" requirement. *See Wolfe v. Bock*, 253 Fed. Appx. 526, 532

(6th Cir. 2007)(petitioner failed to establish that 15-year delay between murder

and his arrest was for illegitimate reasons, as was required to support claim that

delay violated petitioner's due process right to a fair trial).

Petitioner has failed to establish that the delay was done intentionally by

the prosecutor for the purpose of obtaining a tactical advantage in this case. In

reviewing the preliminary examination and trial transcripts, it appears that the

officer who witnessed the offense knew petitioner by the name of DD. The

officer was unaware of petitioner's first or last name or address. (Preliminary

*Hurd v. Howes,* No. 2:11-CV-10600

Exam. Tr. 12/5/2006, p.15).  Having witnessed petitioner with the bag of cocaine

and being present at the field test which confirmed cocaine in the bag, there

would not have been any tactical advantage for a deliberate delay on behalf of

the police.

Even if petitioner could show that the prosecutor delayed prosecuting this

case because they desired to obtain additional evidence, Petitioner would be

unable to establish that the delay would be improper.  The Supreme Court in

*Lovasco* recognized "that the interests of the suspect and society are better

served if, absent bad faith or extreme prejudice to the defendant, the prosecutor

is allowed sufficient time to weigh and sift evidence to ensure an indictment is

well-founded." *United States v. Eight Thousand, Eight Hundred and Fifty Dollars*

(*$ 8,850) in U.S. Currency*, 461 U.S. 555, 563 (1982).  To prosecute a defendant

following an investigative delay does not deprive him of due process, even if his

defense is somewhat prejudiced by the lapse of time. *Lovasco*, 431 U.S. at 796.

Petitioner is not entitled to habeas relief on his pre-charging delay claim;

he has failed to establish that the prosecutor intentionally delayed filing charges

here to gain a tactical advantage, rather than for valid reasons.  Because

Petitioner has failed to show that the prosecutor delayed the prosecution for

invalid reasons, it is would be unnecessary for this Court to determine whether

*Hurd v. Howes,* No. 2:11-CV-10600

Petitioner can establish that he was substantially prejudiced by the delay. *Wolfe v. Bock*, 253 Fed. Appx. at 532.

Nonetheless, Petitioner is unable to establish that he was prejudiced by the delay in prosecuting his case.  The Sixth Circuit has observed that: "[T]he standard for pre-indictment delay is nearly insurmountable, especially because proof of actual prejudice is always speculative." *Rogers*, 118 F. 3d at 477, n. 10. Petitioner's third claim is without merit.

**Claim # 4.  Ineffective assistance of appellate counsel.**

Petitioner's final claim alleges that his appellate counsel was ineffective for failing to raise the issues contained within his motion for relief from judgement in his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).  However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This Court has already determined that petitioner's first through third claims are without merit.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because none of these claims can

*Hurd v. Howes,* No. 2:11-CV-10600

be shown to be meritorious, appellate counsel was not ineffective in his handling

of petitioner's direct appeal.  Petitioner is not entitled to habeas relief on his

ineffective assistance of appellate counsel claim.

### IV.  A Certificate of Appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in

order to appeal the denial of a habeas petition for relief from either a state or

federal conviction.  28 U.S.C. § 2253(c)(1)(A), (B).  A court may issue a COA

"only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects

a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's

assessment of the constitutional claim debatable or wrong. *See Slack v.

McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that ... jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003).  In applying this standard, a district court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the petitioner's claims. *Id.* at 336-37.

*Hurd v. Howes,* No. 2:11-CV-10600

The Court will grant a certificate of appealability as to the first two issues, because jurists of reason could find the Court's resolution of the claims to be debatable.

The standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5ᵗʰ Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  The issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Hurd is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt.# 1).

23

*Hurd v. Howes,* No. 2:11-CV-10600

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**

on the first two issues.

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to

appeal *in forma pauperis.*

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel
of record on February 27, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant